UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRANDE COSMETICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-cv-06440 |
| and | ) |
| | ) |
| THE PARTNERSHIPS and | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A", | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Grande Cosmetics, LLC ("Grande" or "Plaintiff"), by its attorneys, for its complaint against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), alleges as follows:

**INTRODUCTION**

1. Grande has filed this action to combat online counterfeiters who trade upon Grande's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed cosmetics and related beauty products bearing counterfeit versions of Grande's federally registered GRANDE COSMETICS, GRANDELASH, GRANDELASH-MD, and G (stylized) Logo trademarks (the "Counterfeit Grande Products"). Defendants operate e-commerce stores, identified by anonymous seller aliases, some of which are identified in Schedule A attached hereto (collectively, the "Seller Aliases"), that are designed to trick unwitting consumers to purchase spurious Counterfeit Grande Products. Defendants' counterfeiting activities are especially serious because their counterfeit cosmetic and beauty products are not subject to Grande's strict safety standards and could be dangerous to consumers who apply the spurious

products to their eyelids at the base of their eyelashes—an extremely sensitive and vulnerable area on the body. Defendants' e-commerce store and spurious products share unique identifiers, such as design elements and similarities of the Counterfeit Grande Products offered for sale, establishing a logical relationship among them and suggesting that Defendants' counterfeiting operation arises out of the same occurrence, transaction, or series of occurrences or transactions. Defendants attempt to avoid liability by taking great pains to conceal both their identities and the full scope and interworking of their counterfeiting operation. Grande is left with no other choice but to file this action to combat Defendants' counterfeiting of Grande's registered GRANDE-formative trademarks, as well as to protect unknowing consumers from purchasing dangerous Counterfeit Grande Products over the Internet. Grande has been and continues to be irreparably harmed through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions, and therefore Grande seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the state of Illinois pursuant to 28 U.S.C. § 1367(a) because the state-law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each of the Defendants directly targets business activities toward consumers within the United States—including Illinois—through e-commerce stores that are identified by the Seller Aliases. Specifically, Defendants do

business with Illinois residents by operating one or more interactive e-commerce store through which Illinois residents can purchase products using counterfeit versions of Grande's trademarks. Each of Defendants has targeted sales to Illinois residents by operating through online marketplaces that offer shipping to the United States (including Illinois) and accepting payment in U.S. dollars. Each of the Defendants has sold products using counterfeit versions of Grande's federally registered trademarks throughout the United States, including to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Grande substantial injury in the State of Illinois.

## PARTIES

## GRANDE & ITS GRANDE PRODUCTS

4. Plaintiff Grande Cosmetics, LLC is a limited liability company duly organized and existing under the laws of New York, with its principal place of business at 420 Columbus Avenue, Suite 100, Valhalla, New York 10595.

5. Since its founding, which began with a single GRANDELASH product, Grande has grown into a well-known source for high quality cosmetics and related beauty products. Grande has been using the GRANDE COSMETICS, GRANDELASH, GRANDELASH-MD, and G (stylized) Logo marks (the "Grande Trademarks") to market and sell cosmetics and related beauty products for more than a decade. GRANDELASH brand sales since 2009 have exceeded $100 million dollars.

6. Grande is an internationally recognized manufacturer, distributor, and retailer of cosmetics and other related beauty products, all of which prominently display its famous, internationally recognized, and federally registered trademarks, including the Grande Trademarks (collectively, the "Grande Products"). The Grande Products have become

3

enormously popular and immediately recognizable, driven by Grande's high standard for safety, quality, and innovative design.

7. The Grande Products are distributed and sold to consumers through Sephora and Ulta retail stores, authorized salons and spas, as well as online at grandecosmetics.com and through authorized online retailers such as amazon.com.

8. As a result of its longstanding use, Grande owns nationwide common-law rights in its Grande Trademarks. Grande also has registered its trademarks with the United States Patent and Trademark Office, including the following federally registered marks:

| Reg. No. | Trademark | Goods |
| --- | --- | --- |
| 5185017 | GRANDE COSMETICS | Cosmetics. |
| 5264467 | GRANDELASH | Cosmetic preparations; Cosmetic preparations for eyelashes. |
| 6058356 | GRANDELASH-MD | Cosmetic preparations; Cosmetic preparations for eyelashes; Non-medicated serums for use on eyelashes. |
| 5679199 | (G logo) | Cosmetic preparations; Cosmetic preparations for eyelashes; Cosmetics; Eyebrow cosmetics. |

9. The above-listed U.S. registrations for the foregoing Grande Trademarks are valid, subsisting, and in full force and effect. The Grande Trademarks have been used exclusively and continuously by Grande for many years and have never been abandoned. Pursuant to 15 U.S.C. § 1057(b), the registrations for the Grande Trademarks constitute *prima facie* evidence of their validity and of Grande's exclusive right to use the Grande Trademarks. True and correct copies of the U.S. Certificates of Registration for the foregoing Grande Trademarks are attached hereto as composite **Exhibit 1**.

10. The Grande Trademarks are exclusive to Grande, and Grande displays them extensively on the Grande Products and in Grande's marketing and promotional materials.

Grande expends millions of dollars annually in promoting and marketing the Grande Trademarks.

11. The Grande Trademarks are distinctive when applied to the Grande Products, signifying to consumers that the products come from Grande and meet Grande's standards for safety and quality. The Grande Products are often applied directly to users' eyelids just above the upper lash. Due in part to the sensitive area where its products are applied, Grande maintains strict safety standards and quality control for all of the Grande Products, all of which are subject to these standards prior to distribution and sale. The value to Grande of the goodwill associated with the Grande Trademarks is incalculable.

## DEFENDANTS SHIELD THEIR IDENTITIES

12. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Grande. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with relaxed trademark enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

13. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of one or more e-commerce stores, which are identified by the Seller Aliases and/or other seller aliases not yet known to Grande. Each Defendant targets the United States—including Illinois—and has offered to sell (and, on information and belief, has sold and continues to sell) Counterfeit Grande Products to consumers within the United States, including the State of Illinois.

14. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the Grande Trademarks in the same occurrence, transaction, or series of occurrences or transactions.

15. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A. The tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Grande to learn Defendants' true identities, locations, and the exact interworking of their counterfeit network. If Grande obtains additional credible information regarding Defendants' identities through discovery, Grande will take appropriate steps to further amend its Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

16. The success of the GRANDE brand has resulted in significant counterfeiting. Counterfeiting through online marketplace listings on platforms such as eBay, Alibaba, AliExpress, Amazon, Walmart, and Mercari is rampant. Recently, Grande has identified numerous interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Counterfeit Grande Products to consumers in this Judicial District and throughout the United States. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States. Excerpts from the U.S. Customs and Border Protection ("CBP") Intellectual Property Rights Fiscal Year 2018 Seizure Statistics Report are attached as **Exhibit 2**. Over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id*. at 15.

Over 85% of CBP seizures originated from mainland China and Hong Kong. *Id*. at 16. Counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue. Moreover, the illicit cosmetics products are dangerous to consumers. Counterfeit cosmetics, like the Counterfeit Grande Products, "have been found to contain everything from harmful bacteria to human waste" and "often contain ingredients such as arsenic, mercury, aluminum, or lead and may be manufactured in unsanitary conditions, which can ultimately lead to problems with one's eyes or skin." *See* **Exhibit 3**, report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) at 16, 18.

17. Online marketplace platforms like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false and inaccurate names and addresses when registering with these Internet platforms." **Exhibit 4**, Daniel C.K. Chow, *Alibaba, Amazon, and the Counterfeiting in the Age of the Internet*, NW. J. INT'L L. & BUS. 157, 186 (Winter 2020), *see also*, **Exhibit 3** at 22 (finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is needed). Counterfeiters hedge against the risk of being caught and their e-commerce storefronts taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts. *See* **Exhibit 3** at 22. E-commerce platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, so counterfeiters often have many different profiles that can appear unrelated even though they are commonly owned and operated. *See* **Exhibit 3** at 39. Further, "E-commerce platforms create bureaucratic or

82946743v.1

technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." See **Exhibit 4** at 186-87.

18. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois.

19. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal.

20. Defendants' e-commerce stores often include content and design elements that make it very difficult for consumers to distinguish such counterfeit web pages from an authorized website. For example, when advertising their spurious wares, Defendants routinely use Grande's marketing materials that show genuine Grande Products. Grande has not licensed or authorized any of the Defendants to use any of the Grande Trademarks, and none of the Defendants is an authorized retailer of genuine Grande Products.

21. Defendants take great pains to conceal their identities and often use multiple fictitious names and fraudulent addresses to register and operate their network of Seller Aliases. Defendants routinely provide incorrect, misleading or false return addresses when fulfilling orders for Counterfeit Grande Products that are purchased from their respective e-commerce stores. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to

Internet-based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent anyone from discovering their true identities and the scope of their illicit operation.

22. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Grande Products. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and the full scope and interworking of their counterfeiting operations, and to avoid being shut down.

23. Even though Defendants operate under multiple fictitious aliases, on information and belief, the e-commerce stores operating under the Seller Aliases share common identifiers, such as use of the same keywords, product descriptions, marketing materials, product images, advertising tactics, similarities in price and quantities, and/or the same incorrect grammar, misspellings, and misleading health claims. In addition, the Counterfeit Grande Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Grande Products were manufactured by and come from a common source and that Defendants are interrelated.

24. On information and belief, Defendants are in constant communications with each other and regularly coordinate their activities on QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com, to discuss tactics for operating multiple accounts and evading detection, and to provide warning other of pending litigation and potential new lawsuits.

25. Counterfeiters, like Defendants, typically operate multiple Seller Aliases and payment accounts so that they can continue operation in spite of Grande's enforcement efforts. On information and belief, Defendants maintain offshore bank accounts and regularly move

funds from their financial accounts to offshore bank accounts outside this Court's jurisdiction to avoid payment of any monetary judgment awarded to Grande.

26. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Grande Products in the same transaction, occurrence, or series of transactions and occurrences. Defendants, without any authorization or license from Grande, have knowingly and willfully used and continue to use the Grande Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Grande Products into the United States—including Illinois—over the Internet. Each of the Seller Aliases offer shipping to the United States—including Illinois—and, on information and belief, each Defendant has sold Counterfeit Grande Products into the United States, including Illinois.

27. Defendants' unauthorized use of the Grande Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Grande Products, including the sale of Counterfeit Grande Products into the United States—including Illinois—is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Grande.

## COUNT I
### Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)

28. Grande re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28.

29. This is a trademark infringement action against Defendants, based on their unauthorized use in commerce of counterfeit imitations of the federally registered Grande Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Grande Trademarks are highly distinctive marks. Consumers have come

to expect the highest quality and safety standards from the Grande Products offered, sold or marketed under the Grande Trademarks.

30. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Grande Trademarks without Grande's permission.

31. Grande is the exclusive owner of the Grande Trademarks in the United States. Grande's U.S. Trademark Registrations for the Grande Trademarks (**Exhibit 1**) are in full force and effect.

32. On information and belief, Defendants have knowledge of Grande's rights in the Grande Trademarks, and are willfully infringing and intentionally using counterfeits of the Grande Trademarks. Defendants' willful, intentional, and unauthorized use of the Grande Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Grande Products among the general public.

33. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Grande has no adequate remedy at law. If Defendants' actions are not enjoined, then Grande will continue to suffer irreparable harm to its reputation and the goodwill of its Grande Trademarks.

35. The injuries and damages sustained by Grande have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering for sale, and sale of Counterfeit Grande Products.

82946743v.1

## COUNT II

### False Designation of Origin (15 U.S.C. § 1125(a))

36. Grande re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28.

37. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Grande Products has created and is creating a likelihood of confusion, mistake, and deception among consumers as to the affiliation, connection, or association with Grande or the origin, sponsorship, or approval of the Counterfeit Grande Products by Grande.

38. By using the Grande Trademarks on the Counterfeit Grande Products, Defendants have created and are creating a false designation of origin and a misleading representation of fact as to the origin and/or sponsorship of the Counterfeit Grande Products.

39. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Grande Products involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

40. Grande has no adequate remedy at law. If Defendants' actions are not enjoined, then Grande will continue to suffer irreparable harm to its reputation and the goodwill of its Grande Trademarks.

## COUNT III

### Violation of Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*)

41. Grande re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28.

42. Defendants have engaged in acts violating Illinois law, including—but not limited to—the following:

    a. passing off the Counterfeit Grande Products as those of Grande;

82946743v.1

  b. causing a likelihood of confusion and/or misunderstanding as to the source of the Counterfeit Grande Products;

  c. causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association between the Counterfeit Grande Products and genuine Grande Products;

  d. representing that the Counterfeit Grande Products have Grande's approval when they do not; and

  e. engaging in other conduct which creates a likelihood of confusion or misunderstanding among consumers.

 43. Defendants' aforementioned acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510 *et seq.*

 44. Defendants' conduct has damaged and is damaging Grande's reputation and the goodwill associated with the Grande Trademarks. If this conduct is not enjoined, then Grande will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

 1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, though, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

  a. using the Grande Trademarks or an reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Grande Product or is not authorized by Grande to be sold in connection with the Grande Trademarks;

   b. passing off or inducing or enabling others to sell or pass off any product as a genuine Grande Product or any other product produced by Grande, if such product is not Grande's or is not produced under the authorization, control, or supervision of Grande and approved by Grande for sale under the Grande Trademarks;

   c. committing any acts which are likely to cause consumers to believe that the Counterfeit Grande Products are sold under Grande's authorization, control, or supervision, or are sponsored by, approved by, or otherwise connected with Grande;

   d. further infringing the Grande Trademarks; and

   e. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise distributing, storing, moving, returning, or otherwise disposing of (in any manner) products or inventory not manufactured by or for Grande, nor authorized by Grande to be sold or offered for sale, which bear any of Grande's trademarks, including the Grande Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

  2. Entry of an Order that, upon Grande's request, those in privity with Defendants and those with notice of the injunction, including—without limitation—any online marketplace platforms such as eBay, AliExpress, Alibaba, Walmart, Mercari, and Amazon, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third-party processors and other providers of payment processing services, and Internet search engines such as Google, Bing, and Yahoo, shall

   a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using any of the Grande Trademarks;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit or otherwise infringing goods using any of the Grande Trademarks; and

    c. take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including—but not limited to—removing links to the Seller Aliases from any search index;

  3. That Defendants account for and pay to Grande all profits realized by Defendants through Defendant's unlawful acts, ad that the amount of damages for infringement of the Grande Trademarks be trebled as provided by 15 U.S.C. § 1117;

  4. In the alternative, that Grande be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Grande Trademarks;

  5. Awarding Grande its reasonable attorneys' fees and costs

  6. Awarding Grande pre- and post-judgment interest on any monetary award made part of the judgment against Defendants; and

  7. Awarding Grande such additional and further relief as the Court deems just and proper.

82946743v.1

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(d), Plaintiff hereby demand a jury trial on all issues so triable that are raised by this Complaint.

Dated: October 29, 2020        By:        /s/ Matthew T. Furton
                                          Matthew T. Furton
                                          David T. Van Der Laan
                                          LOCKE LORD LLP
                                          111 South Wacker Drive
                                          Chicago, Illinois  60606
                                          Tel: (312) 443-0445
                                          Fax: (312) 443-0336
                                          mfurton@lockelord.com
                                          dave.vanderlaan@lockelord.com

                                          H. Straat Tenney (*pro hac vice* forthcoming)
                                          LOCKE LORD LLP
                                          200 Vesey Street, 20th Floor
                                          New York, New York 10281
                                          Tel: (212) 415-8600
                                          Fax: (212) 303-2754
                                          straat.tenney@lockelord.com