UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRANDE COSMETICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-06440 (RMD)(SEC) |
| | ) | |
| v. | ) | |
| | ) | |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A", | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Grande Cosmetics, LLC ("Grande") submits this Memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants identified on Schedule A to the Amended Complaint (collectively, the "Defaulting Defendants") based on Grande's action for trademark infringement, counterfeiting, and false destination of origin.

## STATEMENT OF FACTS

Grande is a cosmetics company that started over 10 years ago. [DE 9 at ¶ 5]. Since its founding, which began with a single GRANDELASH product, Grande has grown into a well-known source of high quality cosmetics and related beauty products. *Id*. Grande has been using the GRANDE COSMETICS, GRANDELASH, GRANDELASH-MD, and G (stylized) Logo marks (the "Grande Trademarks") to market and sell cosmetics and related beauty products for years. *Id*. The Grande Products are distributed and sold to consumers through Sephora and Ulta retail stores, authorized salons and spas, as well as online at grandecosmetics.com and through authorized online retailers such as amazon.com. *Id*. at ¶ 7.

Grande is the exclusive owner of numerous federally registered trademarks for the Grande Trademarks, including: U.S. Trademark Registration Nos. 5185017, 5264467, 5679199, and 6058356. The above-listed U.S. registrations for the foregoing Grande Trademarks are valid, subsisting, and in full force and effect. *Id*. at ¶ 9. The Grande Trademarks have been used exclusively and continuously by Grande for many years and have never been abandoned. Pursuant to 15 U.S.C. § 1057(b), the registrations for the Grande Trademarks constitute *prima facie* evidence of their validity and of Grande's exclusive right to use the Grande Trademarks. *Id*.

The Grande Trademarks are exclusive to Grande, and Grande displays them extensively on the Grande Products and in Grande's marketing and promotional materials. *Id*. at ¶ 10.

1

Grande expends millions of dollars annually in promoting and marketing the Grande Trademarks. *Id*. The Grande Trademarks are distinctive when applied to the Grande Products, signifying to consumers that the products come from Grande and meet Grande's standards for safety and quality. *Id*. at ¶ 11. The Grande Products are often applied directly to users' eyelids just above the upper lash. *Id*. Due in part to the sensitive area where its products are applied, Grande maintains strict safety standards and quality control for all of the Grande Products, all of which are subject to these standards prior to distribution and sale. *Id*. The value to Grande of the goodwill associated with the Grande Trademarks is incalculable. *Id*.

The Defaulting Defendants are individuals and business entities of unknown make-up who, either individually or jointly, own and/or operate one or more of the e-commerce stores operating under the seller aliases identified in Schedule A to the Amended Complaint (collectively, the "Seller Aliases"). *Id*. at ¶ 12. Defaulting Defendants have targeted sales to Illinois residents by setting and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold unauthorized and unlicensed products using infringing and counterfeit versions of the Grande Trademarks (the "Counterfeit Grande Products") to residents of Illinois. *Id*. at ¶ 13. Additional factual assertions regarding Defaulting Defendants in Paragraphs 12-15 of the Amended Complaint are incorporated herein. *Id*. at ¶¶ 12-15.

Grande filed this action on May 13, 2020 [DE 1] and subsequently filed an Amended Complaint [DE 9]. On November 4, 2020, this Court granted Grande's Ex Parte Motion for Entry of a Temporary Restraining Order (the "TRO") [DE 28] and subsequently extended the TRO [DE 29]. Paragraph 6 of the TRO permitted Grande to complete service of process to Defendants by electronic publication on a website and by sending an e-mail to e-mail addresses

for Defendants known by Grande and any e-mail addresses provided for Defendants by third parties. [DE 28 at ¶ 6]. Defendants were properly served by December 11, 2020. *See* Declaration of H. Straat Tenney (the "Tenney Declaration") at ¶¶ 3-4. None of the Defaulting Defendants have filed an answer or otherwise pled in this action. *Id.* at ¶ 5.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Grande now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on all counts of Grande's Amended Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Grande further seeks an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of counterfeit Grande Trademarks on products sold through each of the e-commerce stores operating under the Seller Aliases. Grande also seeks entry of a permanent injunction prohibiting the Defaulting Defendants from selling Counterfeit Grande Products, and that all assets in Defaulting Defendants' financial accounts, including those operated by Mercari.com, eBay, Adyen, PayPal, Inc. ("PayPal"), and Alipay, as well as any newly discovered assets, be transferred to Grande.

## REMARKS

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Grande's business within this District. See [DE 9 at ¶¶ 2, 3, 13, 16]; *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (finding that without benefit of an evidentiary hearing, plaintiff bears

only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales from Illinois residents by setting up numerous interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Counterfeit Grande Products to consumers in this Judicial District and throughout the United States. [DE 9 at ¶ 16]. Personal jurisdiction exists over the Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. *Id*. at ¶ 18. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Counterfeit Grande Products. *Id*.; *Monster Energy Co. v. Wensheng*, No. 15-c-4166, 2015 U.S. Dist. LEXIS 132283, at *11 (N.D. Ill. Sept. 29, 2015).

## II. GRANDE HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On November 2, 2020, Grande filed its Amended Complaint alleging federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I) [DE 9 at ¶¶ 28-35], false designation of origin, 15 U.S.C. § 1125(a) (Count II) [*Id*. at ¶¶ 36-40]. Defendants were properly served with the Amended Complaint by December 11, 2020. Tenney Decl. at ¶¶ 3-4. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Tenney Decl. at ¶ 5. Upon information and belief, the Defaulting

4

91301907v.1

Defendants are not active-duty members of the U.S. armed forces. Tenney Decl. at ¶ 6. Accordingly, Grande asks for entry of default against the Defaulting Defendants.

**III.     GRANDE HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Grande served Defendants by December 11, 2020. Tenney Decl. at ¶¶ 3-4. The answer period has passed, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Grande requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of counterfeit Grande Trademarks on products sold through the e-commerce stores operating under the Seller Aliases. Grande also seeks entry of a permanent injunction prohibiting the Defaulting Defendants from selling Counterfeit Grande Products, and that all assets in the Defaulting Defendants' financial accounts, including those operated by Mercari.com, eBay, Adyen, PayPal, Inc. ("PayPal"), and Alipay, and any newly identified accounts be transferred to Grande.

91301907v.1

### A. Trademark Infringement and Counterfeiting, and False Designation of Origin

To properly plead a claim of trademark infringement and counterfeiting, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection; (2) defendants are not authorized to use the mark; and (3) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Bliss Salon Day Spa v. Bliss World LLC*, 268 F.3d 494, 496-97 (7th Cir. 2001).

Grande alleged in its Amended Complaint that it is the exclusive owner of the Grande Trademarks and that Defaulting Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using infringing and counterfeit reproductions of the Grande Trademarks, that the Defaulting Defendants have knowledge of Grande's rights in the Grande Trademarks, that the Defaulting Defendants are not authorized to use the Grande Trademarks, and that the Defaulting Defendants' use of the Grande Trademarks causes a likelihood of confusion. [DE 9 at ¶¶ 29-33].

Grande also alleged that the Defaulting Defendants are using the counterfeits of the federally registered Grande Trademarks on the Counterfeit Grande Products. *Id*. at ¶ 32. As such, this creates a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Supreme or the origin, sponsorship, or approval of the Defaulting Defendants' Counterfeit Grande Products by Grande. *Id*.

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Grande's Amended Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Grande requests entry of judgment with respect to

Counts I and II for willful trademark infringement and counterfeiting of the Grande Trademarks, and willful false designation of origin against the Defaulting Defendants.

## IV. PLAINTIFF IS ENTITLED TO A STATUTORY DAMAGES AWARD

### A. Statutory Damages are Appropriate

A plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

The lack of information regarding the true extent of the Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.*, No. 03 C 4986, 2004 U.S. Dist. LEXIS 22563, *9, (N.D. Ill. Nov. 5, 2004) (citing S. Rep. No. 177, 104th Cong. 1995). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 03 C 5311, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

### B. A Statutory Damages Award is Warranted

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *Lorillard Tobacco v. S&M*

7

*Cent.*, 2004 U.S. Dist. LEXIS 22563, *10; *Luxottica USA LLC v. The Partnerships, et al.*, No. 14 c 9061, 2015 U.S. Dist. LEXIS 78961, *5 (N.D. Ill. June 18, 2015).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Under the *Chi-Boy* standard, a court awarding statutory damages is "not required to follow any rigid formula," but instead "enjoys wide discretion." *Id*. In computing the award amount, a court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent." *Id*. Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco v. S&M Cent.*, 2004 U.S. Dist. LEXIS 22563, *16.

In addition, courts have awarded significant damage amounts where a defendant's counterfeiting activities attracted wide market exposure through internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (awarding significant damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, No. 07 Civ. 3997, 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (awarding damages based, in part, on "Defendant's ability to reach a vast customer base through internet advertising").

In similar cases involving willful internet-based counterfeiting, courts have awarded statutory damages, including up to the maximum provided by law, to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into

commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g.*, *Burberry Limited, et al. v. Xie Ji Ping*, No. 18-cv-07442 (N.D. Ill. Jan. 15, 2019) (unpublished) (Docket Nos. 42 and 43) (awarding $1,000,000 in statutory damages per defendant); *NBA Properties, Inc. v. Yu Zicheng*, No. 19-cv-04412 (N.D. Ill. Oct. 8, 2019) (unpublished) (Docket Nos. 60 and 61) (awarding $500,000 in statutory damages per defendant); *H-D U.S.A., LLC v. DLLL*, No. 19-cv-07629 (N.D. Ill. Feb. 18, 2020) (unpublished) (Docket Nos. 64 and 65) (same). Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), and the facts specific to this case, Grande respectfully requests the Court's entry of an award of five hundred thousand dollars ($500,000) per Defaulting Defendant.

### i. Defaulting Defendants' Counterfeiting Was Willful

The Defaulting Defendants' counterfeiting was willful and, therefore, at a minimum, warrants the requested statutory damages award. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco v. S&M Cent.*, 2004 U.S. Dist. LEXIS 22563, *19-20. Knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id*. at *20. As alleged in Grande's Amended Complaint, the Defaulting Defendants facilitated sales by designing the e-commerce stores so that they appeared to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. [DE 9 at ¶ 19-23]. As such, Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for Grande's rights in the Grande Trademarks. *Id*. Finally, courts have deemed counterfeiting willful when defendants default. *See Burberry*

*Limited, et al. v. The Partnerships, et al.*, No. 14-cv-08220 (N.D. Ill. Dec. 11, 2014) (unpublished) (Docket Nos. 44 and 45); *Oakley, Inc. v. The Partnerships, et al.*, No. 13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Docket Nos. 36 and 37).

### ii. Grande's Brand has Significant Value

In determining an appropriate statutory damage award, this Court should be guided by the *Lorillard* case and consider the "significant value of [the brand] and the efforts taken to protect, promote and enhance [that brand]." *Lorillard Tobacco v. S&M Cent.*, 2004 U.S. Dist. LEXIS 22563, *16. Grande has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Grande Trademarks. [DE 9 at ¶ 10]. Thus, the requested statutory damages award should be given favorable consideration in view of the value of the Grande brand and the extensive steps being taken by Grande to protect, promote and enhance it. *See Monster Energy Co.* v. Jing, No. 15 C 277, 2015 U.S. Dist. LEXIS 86956, at *11 (N.D. Ill. July 6, 2015); *Luxottica*, 2015 U.S. Dist. LEXIS 78961, at *7-8.

### iii. Defaulting Defendant's Wide Exposure Over the Internet Merits the Requested Award

Defendants who operate online attract wide market exposure through internet traffic and/or advertisement. The Defaulting Defendants' wide market exposure over the internet warrants the requested statutory damages award. *See H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co.*, No. 16-cv-10096, 2017 U.S. Dist. LEXIS 207613 at *13 (N.D. Ill. Dec. 18, 2017) (awarding $150,000 in statutory damages, noting "the fact that defendant's counterfeiting took place online favors a higher statutory damages award because online counterfeiting can reach a much wider audience than counterfeiting through a physical store"); *Luxottica*, 2015 U.S. Dist. LEXIS 78961, at *11-12 (awarding $100,000 in statutory damages "because [defendant]

10

advertised [counterfeit goods] on the internet, allowing for distribution far greater than if it sold the hats in a brick-and-mortar store.").

### iv. The Requested Statutory Damages Award Must Sufficiently Deter Defaulting Defendants and Similar Online Counterfeiters

The remedy imposed must provide a sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1348 (7th Cir. 1994). For example, in *Phillip Morris USA Inc. v. Marlboro Express*, the Court stated that due to "the size of the potential profit given the quantities of [counterfeit goods] involved, and the need for a substantial deterrent to future misconduct by defendants and other counterfeit traffickers . . . plaintiff is entitled to the maximum statutory award under 15 U.S.C. § 1117(c)(2)." No. CV-03-1161, 2005 U.S. Dist. LEXIS 40359, at *28 (E.D.N.Y. Aug. 26, 2005). To reach global consumers, counterfeiters advertise, offer for sale, and sell their products via social media platforms and popular e-commerce sites. As such, the requested statutory damages award is necessary to deter both Defendants and other similarly situated online sellers.

### V. PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

In addition to the foregoing relief, Grande respectfully requests entry of a permanent injunction enjoining the Defaulting Defendants from infringing or otherwise violating Grande's registered trademark rights in the Grande Trademarks, including at least all injunctive relief previously awarded by this Court to Grande in the TRO. Grande is also entitled to injunctive relief so it can quickly take action against any e-commerce stores selling Counterfeit Grande Products that are found to be linked to the Defaulting Defendants. *See Burberry Limited v. The Partnerships, et al.*, No. 1:14-cv-08220 (N.D. Ill. Dec. 11, 2014)

(unpublished) (Docket Nos. 44 and 45); *Oakley, Inc. v. The Partnerships, et al.*, No. 1:13-cv-02958 (N.D. Ill. June 17, 2013) (unpublished) (Docket Nos. 36 and 37).

## **CONCLUSION**

Grande respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of five hundred thousand dollars ($500,000) per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c), and enter a permanent injunction prohibiting the Defaulting Defendants from selling Counterfeit Grande Products, and that all assets in Defaulting Defendants' financial accounts, including those operated by Mercari.com, eBay, Adyen, PayPal, Inc. ("PayPal"), and Alipay, as well as any newly discovered assets, be transferred to Grande.

                              Respectfully submitted,

Dated: February 8, 2021        By:    /s/ Matthew T. Furton
                                                        Matthew T. Furton
                                                        David T. Van Der Laan
                                                        LOCKE LORD LLP
                                                        111 South Wacker Drive
                                                        Chicago, Illinois 60606
                                                        Tel: (312) 443-0445
                                                        Fax: (312) 443-0336
                                                        mfurton@lockelord.com
                                                        dave.vanderlaan@lockelord.com

                                                        H. Straat Tenney (*pro hac vice*)
                                                        LOCKE LORD LLP
                                                        200 Vesey Street, 20th Floor
                                                        New York, New York 10281
                                                        Tel: (212) 415-8600
                                                        Fax: (212) 303-2754
                                                        straat.tenney@lockelord.com

                                                        *Counsel for Plaintiff Grande Cosmetics, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of February, 2021, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system. I will electronically publish the document on a website and I will send an e-mail that includes a link to said website to the e-mail addresses of Defendants known to Grande and any e-mail addresses provided for Defendants by third parties.

By: /s/ Matthew T. Furton
Matthew T. Furton
David T. Van Der Laan
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 443-0445
Fax: (312) 443-0336
mfurton@lockelord.com
dave.vanderlaan@lockelord.com

H. Straat Tenney (*pro hac vice*)
LOCKE LORD LLP
200 Vesey Street, 20th Floor
New York, New York 10281
Tel: (212) 415-8600
Fax: (212) 303-2754
straat.tenney@lockelord.com

*Counsel for Plaintiff Grande Cosmetics, LLC*

91301907v.1